Filed 10/4/13  P. v. Williams CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ULISES VAZQUEZ WILLIAMS,<br><br>    Defendant and Appellant. | H039084<br>(Santa Clara County<br>Super. Ct. No. CC761493) |

Defendant Ulises Vazquez Williams appeals from an order revoking his probation.[1]  He contends that the trial court lacked authority to revoke his probation.  We agree and reverse the order.

## I.  Factual and Procedural Background

In March 2007, defendant was charged with first degree burglary (Pen. Code, §§ 459, 460, subd. (a)).  In May 2007, he pleaded no contest to the charge on condition that his maximum sentence would be two years in state prison.  On June 12, 2007, the trial court suspended imposition of sentence and placed defendant on probation for three years.  His probation was set to expire on June 12, 2010.

---

[1]     At the hearing in May 2007, defendant said that his true name is Ulises Williams Vazquez.

In September 2007, defendant was released to the Bureau of Citizenship and Immigration Services after he completed his jail sentence. In November 2007, defendant was deported to Mexico.

In March 2009, the probation officer filed a petition to modify the terms of probation. The petition alleged that defendant failed to provide proof of completion of 400 hours of volunteer work, failed to make himself available for search and testing, failed to provide verification of education, vocational training, or employment, and failed to provide proof of enrollment in or completion of a substance abuse program. On March 26, 2009, the trial court summarily revoked defendant's probation.

In September 2011, defendant was arrested in San Diego County and transported to Santa Clara County on an outstanding bench warrant.

On October 6, 2011, the trial court found that defendant had not violated the terms of his probation and reinstated probation under the original terms and conditions. Five days later, defendant was released to the Bureau of Citizenship and Immigration Services.

On November 16, 2012, the probation officer filed a petition to modify the terms of probation. The petition alleged that defendant failed to provide proof of completion of 400 hours of volunteer work, failed to make himself available for search and testing, failed to provide verification of education, vocational training, or employment, failed to provide proof of enrollment in or completion of a substance abuse program, and failed to pay fines and fees.

On November 29, 2012, the trial court held a hearing on the petition. Defendant was not present. Defense counsel objected to the revocation of defendant's probation on the ground that defendant's probation term had expired on June 12, 2010, and time was not tolled because defendant never admitted a probation violation. The prosecutor argued that time was tolled, but noted that the issue was before the California Supreme Court. The trial court revoked defendant's probation and issued a bench warrant.

2

Defendant filed a timely notice of appeal.

## II. Discussion

Defendant contends, and the People concede, that the trial court erred when it revoked his probation on November 29, 2012, since his probation expired on June 12, 2010.

After the trial court summarily revoked defendant's probation in the present case, the California Supreme Court decided *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*). In *Leiva*, the court interpreted former Penal Code section 1203.2, subdivision (a), which provided in relevant part that the revocation of probation, "'summary or otherwise, shall serve to toll the running of the probationary period.'" (*Leiva*, at p. 502.) After examining the legislative history of the statute, the court concluded that "the tolling provision was enacted to preserve the trial court's authority to hold a formal probation violation hearing at a time after probation would have expired with regard to a violation that was alleged to have occurred *during* the probationary period." (*Leiva*, at pp. 514-515.) Thus, *Leiva* held that "section 1203.2, subdivision (a)'s . . . tolling provision preserves the trial court's authority to adjudicate, in a subsequent formal probation violation hearing, whether the probationer violated probation during, but not after, the court-imposed probationary period." (*Leiva*, at p. 502.)

Here, when the trial court found at the October 6, 2011 hearing that defendant did not violate probation during the court-imposed probationary period, it erred by reinstating the terms of probation. Absent a finding that defendant violated probation during the court-imposed probationary period, defendant's three-year probationary period expired on June 12, 2010. Consequently, the trial court lacked authority to summarily revoke defendant's probation and issue a bench warrant on November 29, 2012.

3

### III. Disposition

The order is reversed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Grover, J.

4